## THE ERIE BELLE.

*(District Court, E. D. Michigan.* February 19, 1883.)

ADMIRALTY PRACTICE—JURY TRIAL—REV. ST. § 566.

In admiralty causes of contract or tort, arising upon the lakes, if *either* vessel concerned in such action be of 20 tons burden and upwards, enrolled and licensed for the coasting trade, and employed in navigation between different states, either party to such action may demand a trial by jury, under Rev St. § 566. But if *both* vessels be foreign, or engaged in trade between places in the same state, or the action be other than one of contract or tort, it seems that neither party is entitled to a jury trial.

In Admiralty. On motion to strike from claimants' answer their demand for trial by jury:

This was a libel for damages received by the schooner Lizzie Law, through the negligence of the tug Erie Belle, in towing her from Chicago to Buffalo. The answer alleged that the schooner was a vessel of 20 tons burden and upwards, enrolled and licensed for the coasting trade, and at the time employed in the business of commerce and navigation between places in different states and territories upon the lakes and navigable waters connecting said lakes. It further appeared that the Erie Belle was a foreign vessel, and of course not within the above description.

*F. H. Canfield,* for libelant.

*H. C. Wisner,* for claimants.

BROWN, J. The Revised Statutes (section 566) enact that in causes of admiralty and maritime jurisdiction relating to any matter of contract or tort arising upon or concerning any vessel of 20 tons burden or upwards, enrolled and licensed for the coasting trade, and at the time employed in the business of commerce and navigation between places in different states and territories upon the lakes and navigable waters connecting the lakes, the trial of issues of fact shall be by jury when either party requires it. The history of this anomaly in our admiralty jurisprudence is found in the case of *Gillet v. Pierce,* 1 Brown, Adm. 553. In the case under consideration the vessel receiving the injury is within the description of the statute, but the offending vessel is not. The question is, upon which vessel can the cause or action be said to "arise or concern,"—the vessel receiving or the one doing the injury? So far as I know, no attempt has been made to answer this question, except by Judge CONKLING, in a note in his

work upon Admiralty Jurisdiction, vol. 2, p. 534, in which he says "that this definition is supposed, unquestionably, to embrace, in cases of collision, the injured vessel, and in cases of salvage, the salved vessel; but it seems to be not an unreasonable interpretation to consider it as embracing also the colliding, and the salving vessel." I am unable myself to see why, if two vessels are interested in a contract, or involved in a tort, the cause or action does not *concern* one of them as much as the other. It is no more important to the injured vessel that she should recover her damages than to the other vessel that she should not be compelled to pay them. In such cases *either* party is entitled, by the express terms of the statute, to demand a trial by jury. I doubt, however, whether the statute would apply at all to cases of pure salvage, as they are neither matters of contract nor tort, or to cases wherein both vessels are foreign, or engaged in foreign trade, or in trade between ports in the same state.

The motion to strike the demand for a jury from the answer must be denied.